IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TRUIST BANK,

           Plaintiff,

v.                                  CIVIL ACTION NO.  2:18-cv-01384

LES PUTILLION,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

    Before this Court is Defendant Les Putillion's ("Defendant") Motion to Reconsider or Alter or Amend Judgment. (ECF No. 45.) For the reasons explained more fully herein, Defendant's motion is **DENIED**.

### I.     BACKGROUND

    The facts of this case are set forth in this Court's previous Memorandum Opinion and Order granting in part and denying in part the motion for summary judgment filed by Plaintiff Truist Bank ("Plaintiff") and will not be repeated at length here. (ECF No. 44 at 2–4.) As relevant for purposes of ruling on Defendant's motion, Plaintiff issued a series of loans to a now-defunct company known as Capitol Valley Contracting, Inc. ("CVC"), and in return, CVC granted Plaintiff a security interest in its equipment then-owned and thereafter-acquired. Defendant also loaned CVC money and equipment, some of which CVC held out to be its own. The parties dispute whether CVC owned certain equipment and thus whether it is subject to Plaintiff's security interest. This Court previously granted summary judgment in Plaintiff's favor as to all of the equipment at issue, except for a BOMAG roller with the serial number 901580-861750, a 2012 John

Deere hydraulic excavator with the serial number 1FF200DXPBD513871, and a 2006 Kobelco excavator with the serial number YM03U1353. (*Id.* at 11.) This Court held that an issue of fact existed as to whether Plaintiff has an enforceable security interest in those items. (*Id.* at 10–11.)

On May 19, 2020, Defendant filed his Motion to Reconsider or Alter or Amend Judgment, arguing that this Court failed to address the evidence he presented as to other items and that he "inadvertently omitted" certain evidence from his brief in opposition to Plaintiff's motion for summary judgment. (ECF No. 45.) Plaintiff timely responded to the motion (ECF No. 47), and Defendant timely replied (ECF No. 50). Plaintiff also filed a sur-reply. (ECF No. 53.) As such, Defendant's motion is fully briefed and ready for resolution.

## II. LEGAL STANDARD

In general, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).[1] That is, this Court "retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). This Court possesses "broad[] flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Boston Sci.*

---

[1] Although Defendant purports to bring his motion pursuant to Federal Rule of Civil Procedure 59(e), it applies only to final judgments. *See Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017); *Shrewsbury v. Cyprus Kanawha Corp.*, 183 F.R.D. 492, 493 (S.D.W. Va. 1998) ("[A] motion for review of an interlocutory order [such as one granting in part and denying in part a motion for summary judgment] cannot be made under Rule 59(e)." (citing *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469–70 (4th Cir. 1991))). As such, this Court reviews Defendant's motion under Rule 54(b).

*Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (emphasis deleted) (citing *Am. Canoe Ass'n*, 326 F.3d at 514–15; *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

This Court "may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* (alteration and internal quotation marks omitted); *see id.* ("The law-of-the-case doctrine provides that in the interest of finality, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to [Federal Rule of Civil Procedure] 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Id.* (internal quotation marks omitted); *see Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) ("A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." (internal quotation marks omitted)).

### III. ANALYSIS

Defendant's motion concerns six items: a 2010 John Deere hydraulic excavator with the serial number FF450DX913733, two Komatsu excavators with serial numbers A6075 and A6083, an Ingersoll-Rand air compressor, a 1983 Fruehauf trailer, and a 2003 International truck. (ECF No. 46 at 3–4.)

As to the Ingersoll-Rand air compressor,[2] the 1983 Fruehauf trailer, and the 2003 International truck, Plaintiff represents that it does not have a perfected lien against any of these items. (ECF No. 47 at 2–4.) Because the purpose of this action is to assemble for repossession those pieces of equipment in which Plaintiff has an enforceable security interest (ECF No. 1), and Plaintiff admits that it does not have such an interest in these items, there is nothing more for this Court to decide. This Court need not revisit its prior Memorandum Opinion and Order simply to clarify that point.

Next, Defendant incorrectly asserts that this Court did not address in its previous Memorandum Opinion and Order the evidence he presented with regard to the two Komatsu excavators. (ECF No. 46 at 1–2.) This Court concluded, based on the same evidence Defendant attaches to his Motion to Reconsider or Alter or Amend Judgment, that although Defendant "has provided evidence that he wrote a check for the payoff amounts on two Komatsu hydraulic excavators," that evidence "clearly indicate[s] that CVC owns them, even if [Defendant] paid for them." (ECF No. 44 at 9 n.5.) More specifically, Defendant has provided two letters addressed to CVC and dated May 23, 2018, which give the payoff amounts for the two excavators, and a copy of a check he wrote to Komatsu Financial for those amounts that same day. (ECF No. 46-2.) Defendant now claims—apparently for the first time in this litigation—that he purchased the excavators for the payoff amounts after Komatsu repossessed them from CVC, and he offers an affidavit in support of that proposition. (ECF No. 46 at 3; ECF No. 50 at 2; ECF No. 50-1 at 1.) But the letters Defendant has provided do not reflect that; rather, they show that CVC inquired about the payoff balance due on the two excavators and that

---

2 As Plaintiff points out (ECF No. 47 at 4), this Court acknowledged in its Memorandum Opinion and Order granting in part and denying in part Plaintiff's motion for summary judgment that Plaintiff did not claim an enforceable security interest in the Ingersoll-Rand air compressor (ECF No. 44 at 9 n.5).

4

Defendant paid that balance. (ECF No. 46-2.) Stated another way, the evidence demonstrates that, as this Court stated in its prior Memorandum Opinion and Order, CVC owned the two Komatsu hydraulic excavators, even if Defendant paid for them in whole or in part. (ECF No. 44 at 9 n.5.) Defendant argues that he is entitled to the inference that he "paid off these items for his own benefit," but that inference is inappropriate because the evidence before this Court indicates that Defendant did so on behalf of CVC. (ECF No. 50 at 2.) In sum, this Court's prior holding with regard to the two Komatsu hydraulic excavators was not clearly erroneous and does not warrant reexamination.

Finally, Defendant has provided an invoice showing that his now-defunct business, Mountaineer Grading Company, purchased the 2010 John Deere excavator at some unknown time. (ECF No. 46-1.) He asserts that the invoice was "produced in discovery but . . . omitted from the documents attached to [his] response" in opposition to Plaintiff's motion for summary judgment. (ECF No. 46 at 4.) However, a Rule 54(b) motion to reconsider is not a proper vehicle for presenting evidence that was available at the time of the previous ruling but, for whatever reason, was not proffered. *United States v. Lovely*, 420 F. Supp. 3d 398, 403 (M.D.N.C. 2019) ("Rule 54(b) motions should not be used . . . to raise new arguments or evidence that could have been raised previously." (internal quotation marks omitted)); *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) ("Although there may be many valid reasons to reconsider an order, a motion to reconsider is not a license to reargue the merits or present new evidence that was previously available to the movant." (internal quotation marks omitted)); *Regan v. City of Charleston*, 40 F. Supp. 3d 698, 702 (D.S.C. 2014) ("[A] [Rule 54(b)] motion may not be used to raise arguments or introduce evidence that could have been addressed or presented previously."). This Court thus declines to consider the invoice for the 2010

John Deere excavator or to modify its previous Memorandum Opinion and Order to account for this evidence.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider or Alter or Amend Judgment (ECF No. 45) is **DENIED**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     June 10, 2020

Dwane L. Tinsley
United States Magistrate Judge